IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARTINA ROBLEDO D/B/A LILA'S MEXICAN RESTAURANT, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | Case No. _____ |
| VALERO MARKETING AND SUPPLY COMPANY; VALERO SOUTH TEXAS MARKETING COMPANY; VALERO REFINING-TEXAS, LP; VALERO ENERGY CORPORATION; AND ERGON ASPHALT & EMULSIONS, INC., | § § § § § § § § | (Cause No. 2016CCV-62796-3, County Court at Law No. 3, Nueces County, State of Texas) |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Defendant Ergon Asphalt & Emulsions Inc. ("Ergon"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, respectfully files this Notice of Removal of the civil action filed by Plaintiff Martina Robledo d/b/a Lila's Mexican Restaurant ("Plaintiff"). Ergon removes this matter from the County Court at Law No. 3, Nueces County, State of Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. As grounds for this removal, Ergon states as follows:

### I.   PROCEDURAL HISTORY AND BACKGROUND

1.     On December 16, 2016, Plaintiff commenced a class action against Ergon and numerous Valero defendants[1] by filing a Verified Original Petition and Request for Disclosure (the "Original Petition") in the County Court at Law No. 3 of Nueces County, State of Texas, in

---

[1] The Valero entities named as defendants are Valero Marketing and Supply Company; Valero South Texas Marketing Company; Valero Refining-Texas, LP; and Valero Energy Corporation (collectively the "Valero Defendants," and together with Ergon, "Defendants").

the matter styled *Martina Robledo d/b/a Lila's Mexican Restaurant vs. Valero Marketing and Supply Company; Valero South Texas Marketing Company; Valero Refining-Texas, LP; Valero Energy Corporation; and Ergon Asphalt & Emulsions, Inc.*, Cause No. 2016CCV-62796-3. Plaintiff's Original Petition has not yet been served on Ergon.

2.  Plaintiff filed her First Amended Petition and Request for Disclosure on December 21, 2016 ("Amended Petition"). The Amended Petition is Plaintiff's live pleading in this case, and is attached as part of Exhibit B. Plaintiff's Amended Petition has not yet been served on Ergon.

3.  Plaintiff alleges that Defendants caused a backflow incident at the Valero plant in Corpus Christi, Texas which put a chemical named Indulin AA-86 into the municipal water supply. Ex. B, Am. Pet. ¶ 4.1. Plaintiff further alleges that she and putative class members were forced to close or substantially limit their business operations given their inability to use the municipal water supply. *See id*. ¶¶ 4.2, 7.6.

4.  Plaintiff asserts state law claims against Ergon and the Valero Defendants for (1) negligence, (2) gross negligence, (3) negligence per se, (4) strict liability for ultra-hazardous activity, (5) public and private nuisance, and (6) trespass. *See id*. ¶¶ 5.1-5.29.

5.  Plaintiff seeks in her Amended Petition to represent a class defined as: "All restaurants in the City of Corpus Christi who were subject to the Discontinuation of Tap Water Usage Notice issued by the City of Corpus Christi on December 15, 2016." Ex. B, Am. Pet. ¶ 7.2.

**II.     THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

6.     This Court has original jurisdiction over this action based upon the allegations of the Amended Petition, because (i) it purports to be a class action, (ii) the matter in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs, (iii) a member of the class of Plaintiffs is a citizen of a State different from Ergon, (iv) no defendants are states, state officials, or other governmental entities, and (v) the putative class exceeds one hundred members.  Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. § 1332(d) (2012).

   **A.     The amount in controversy exceeds five million dollars.**

7.     When removing a case to federal court, "a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).  For the reasons set forth below, the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.

8.     In this case, it is readily apparent from the face of Plaintiff's Amended Petition that the amount in controversy exceeds the sum or value of five million dollars, exclusive of interest and costs.  As required by Texas Rule of Civil Procedure 47, Plaintiff has pled that she seeks "monetary relief in the aggregate of over $1,000,000.00."[2]  Ex. B, Am. Pet. ¶ 3.2.  Plaintiff has also alleged that the total number of class members "is believed to exceed 1000 restaurants." *Id.* ¶ 7.3.  Plaintiff's class includes "all restaurants in the City of Corpus Christi who were subject to the Discontinuation of Tap Water Usage Notice . . . .". *Id.* ¶ 7.2.

---

[2]     Texas Rule of Civil Procedure 47 requires a party to state that the damages sought are within one of five specific categories.  Monetary relief over $1,000,000.00 is the highest category of damages a Plaintiff may allege according to Rule 47.  TEX. R. CIV. P. 47(c).

9.  Plaintiff further alleges that "Plaintiff and all Class Members lost business and have incurred costs due to the water ban . . . including but is not limited to purchasing bottled water for consumption and cleaning, purchasing ice, and additional labor costs." *Id.* ¶ 7.6. Based on these allegations, potential economic damages of only five thousand dollars per restaurant would be enough for a class of 1000 members to exceed the jurisdictional five million dollar threshold.

10. Moreover, Plaintiff seeks the maximum amount of exemplary damages allowed by Texas law, *See id.* ¶ 9.1, which is "two times the amount of economic damages; plus an amount equal to any non-economic damages that the jury finds, not to exceed $750,000. TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (West 2016). When exemplary damages are taken into account, the amount in controversy could exceed five million dollars if 1000 restaurants were to suffer economic damages of approximately fifteen hundred dollars each.

11. Plaintiff also seeks "recovery of attorneys' fees." Ex. B, Am. Pet. ¶ 7.1. Attorneys' fees are one of the items to be considered in determining the amount in controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When attorneys' fees are considered with all of the items above, the aggregate amount in controversy clearly exceeds five million dollars, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) (2012).

**B.   At least one member of the proposed class is a citizen of a different state from Ergon.**

12. For purposes of establishing diversity under CAFA, this Court need only find diversity of citizenship exists between any one putative class member and Defendant Ergon. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a) (2012).

13. Ergon is a Mississippi corporation with its principal place of business located in Flowood, Mississippi. Ergon therefore is a citizen of Mississippi.

14. Plaintiff's principal place of business is located in Corpus Christi, Texas. *See* Ex. B, Am. Pet. ¶ 4.2. Plaintiff therefore is a citizen of Texas.

15. In addition, when a proposed class is not limited to citizens of a particular state, a court may find it reasonably probable that at least one class member is a citizen of a different state for purposes of CAFA jurisdiction. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

16. In this case, the proposed class is limited to "All restaurants in the City of Corpus Christi who were subject to the Discontinuation of Tap Water Usage Notice." Ex. B, Am. Pet. ¶ 7.2. Because the class is limited to restaurants in Corpus Christi, it is reasonably probable that at least one proposed class member is a citizen of Texas.

17. Since Ergon is a citizen of Mississippi, Plaintiff is a citizen of Texas, and additionally there is a reasonable probability that at least one member of the proposed class is a citizen of Texas, the minimal diversity requirement of CAFA is satisfied. *See* 28. U.S.C. § 1332(d)(2)(A) (2012).

### C. There is no Defendant who is a governmental entity, and the number of putative class members exceed one hundred.

18. CAFA does not apply to any class action in which the primary defendants are States, State officials or other governmental entities or the number of members of the class is less than one hundred (100). 28 U.S.C. § 1332(d)(5) (2012).

19. Ergon is not a State, a State official or other governmental entity.

20. In addition, the potential class members, according to the Amended Petition exceed one hundred (100). *See* Ex. B, Am. Pet. ¶ 7.3 ("The precise number of members of the

Class and their addresses are presently unknown to Plaintiff but it is believed to exceed 1000 restaurants.").

### III. ERGON HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

21. This Notice of Removal is timely because Plaintiff has not yet served Ergon with process, and therefore the thirty-day period for filing a notice of removal as required by 28 U.S.C. § 1446(b) has not yet run.

22. The United States District Court for the Southern District of Texas, Corpus Christi Division, embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(6), 1441(a), and 1446(a).

23. Ergon is filing written notice of this removal with the clerk of the state court in which the action is currently pending. *See* 28 U.S.C. § 1446(d) (2012). Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon the Plaintiff. *Id.*

24. Pursuant to Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by the following:

    (i) All executed process in the case (Exhibit A);

    (ii) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

    (iii) All orders signed by the State Judge (Exhibit C);

    (iv) The docket sheet (Exhibit D);

    (v) An index of matters being filed (Exhibit E); and

    (vi) A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

25.     Under CAFA, it is not necessary for Ergon to obtain consent of all defendants in order to remove this action.  28 U.S.C. § 1453(b) (2012).  Nevertheless Ergon has obtained written consent to removal from all Valero Defendants, attached as Exhibit G.  *See* 28. U.S.C. § 1441(a) (2012).

26.     Ergon submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief may be granted, without admitting that Plaintiff has standing, without admitting that class certification is proper, and without admitting that Plaintiff and/or the putative class is entitled to any monetary or equitable relief whatsoever.

**WHEREFORE**, Ergon removes the above-captioned action from the County Court at Law No. 3, Nueces County, State of Texas, and requests that further proceedings be conducted in this Court as provided by law.

        Respectfully submitted,

By: /s/ Russell Lewis
    Russell Lewis
    Texas Bar No. 24036968
    Federal ID No. 569523
    **BAKER BOTTS L.L.P.**
    910 Louisiana Street
    Houston, Texas 77002
    713.229.1234
    713.229.1522 (Fax)
    russell.lewis@bakerbotts.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ERGON ASPHALT & EMULSIONS**

OF COUNSEL:

J. Scott Janoe
Texas Bar No. 24012897
Federal ID No. 27577
Louis E. Layrisson, III
Texas Bar No. 24067722
Federal ID No. 1138417
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
713.229.1234
713.229.1522 (Fax)
scott.janoe@bakerbotts.com
louie.layrisson@bakerbotts.com

*-and-*

31913252        8

R. Clay Hoblit
Texas Bar No. 09743100
Federal ID No. 7591
Michael D. Hudlow, Jr.
Texas Bar No. 24007403
Federal ID No. 34793
**HOBLIT DARLING RALLS**
**HERNANDEZ & HUDLOW L.L.P**
802 N. Carancahua
2000 Frost Bank Plaza
Corpus Christi, Texas 78401-0037
361.888.9392
361.888.9187 (Fax)
choblit@hdr-law.com
mhudlow@hdr-law.com

hdrccservice@hdr-law.com
*service by e-mail to this address only

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served this 10th day of January, 2017, with a copy of this document via the Court's CM/ECF system per Local Rule LR 5.1.

/s/ Russell Lewis
Russell Lewis

31913252                                   9